993 F.2d 1546
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Franklin Leon BRYAN, Petitioner-Appellant,
v.
COMMONWEALTH OF KENTUCKY; Corrections Cabinet; Stephen T.
Smith, Warden, Respondents-Appellees.
 No. 92-6474.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1993.
 
 Before KENNEDY and SILER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Franklin Leon Bryan, a pro se Kentucky prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1967, Bryan was convicted on federal bank robbery charges for which he received a sentence of twenty years. He was released on parole in 1975. In 1977, Bryan was sentenced by the Jefferson County (Kentucky) Circuit Court to twenty years imprisonment for kidnapping, first degree rape, and first degree sodomy. As a result of the state convictions, the United States lodged a federal detainer against Bryan for parole violations.
 
 
 3
 In 1980, Bryan was released on parole and federal officials took custody of him pursuant to the detainer. In 1986, Bryan was again released on federal parole. In August 1988, Bryan was convicted on state charges of first degree robbery and first degree burglary for which he received a twenty year sentence. Upon his recommitment to custody, the Kentucky Parole Board revoked his parole.
 
 
 4
 In February 1989, Bryan pleaded guilty to federal charges of bank robbery and robbery with a firearm. Bryan received a 262 month sentence. In July 1990, the Jefferson Circuit Court amended Bryan's 1988 sentence directing that the twenty year state sentence run concurrently with the 262 month federal sentence.
 
 
 5
 After exhausting his available state court remedies, Bryan filed a petition for a writ of habeas corpus, challenging the revocation of his parole and the calculation of his 1977 and 1988 sentences. The district court dismissed the petition as without merit. Bryan filed a timely appeal raising several grounds for relief. He requests the appointment of counsel.
 
 
 6
 Upon de novo review, we conclude that Bryan has not been denied a fundamental right, and that his petition was therefore properly dismissed. Cf. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 7
 Accordingly, we deny the request for the appointment of counsel and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.